UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEAN E. WOOD,                              :        CIVIL NO: 3:17-CV-01390
                                           :
        Plaintiff          :         (Judge Mannion)
                                           :
        v.                 :        (Chief Magistrate Judge Schwab)
                                           :
THE SECRETARY OF THE ARMY,    :
                                           :
        Defendant          :
                                           :

## REPORT AND RECOMMENDATION

### I. Introduction.

The plaintiff Sean E. Wood is suing the Secretary of the Army claiming that he was wrongly subject to court-martial proceedings and wrongly discharged from the Army. He also contends that the Secretary failed adequately to investigate the death of a soldier on a firing range. Both Wood and the Secretary have filed a motion for summary judgment. Because Wood cannot proceed on his claim with regard to the Secretary's investigation of the death of the other soldier and because Wood's other claims are barred by the statute of limitations, we recommend that the Court deny Wood's motion and grant the Secretary's motion.

## II. Background and Procedural History.

Wood, proceeding *pro se,* began this action by filing a complaint in August of 2017, against the Secretary[1] under sections 702, 704, and 706 of the Administrative Procedure Act (APA).  Wood alleged that he was wrongfully accused, punished, and discharged in violation of army regulations, and he asked the Court to restore him "[t]o good standing." *Doc. 1* at 2.  The complaint, however, contained no factual allegations concerning the basis of Wood's claims.

On November 6, 2017, Wood filed an amended complaint asserting that he is adding causes of action.  He points to 28 U.S.C. § 1331 as the basis of the Court's subject-matter jurisdiction.  In addition to again citing the APA, Wood cites 28 U.S.C. § 1361 (Mandamus), the Fourteenth Amendment; 18 U.S.C § 241; and 42 U.S.C. § 1985.[2]  He alleges that he was in the United States Army from 1981 to 1985.  Wood contends that he was subject to illegal summary court-martial actions.  He also contends that he was wrongfully discharged in violation of Army regulations.  And he contends that the Secretary's lack of investigation of his "claims since 1984 has allowed an officer in its charge to get away with murder,

---

[1]  Although Wood does not state whether he is suing the Secretary in his official capacity, in his personal capacity, or both, given the alleged basis for jurisdiction and the lack of any allegations that the Secretary was personally involved in the actions at issue, we assume that Wood is suing the Secretary in his official capacity.

[2]  Wood also cites 28 U.S.C. § 1746, which deals with unsworn declarations under penalty of perjury.  The purpose of his citation to this provision is not clear.

perjury, and a hate crime." *Doc. 7* at 2.  Like the complaint, the amended

complaint does not contain allegations explaining the factual basis for his claims.[3]

Wood asks this Court to review the "illegal court actions and subsequent illegal

discharge," and to "remove all illegal court actions and discharge and grant the

plaintiff the proper relief in accordance to Army regulations." *Id*.[4]  He also asks the

Court to review "the wrongful death of a soldier that is also still suffering from the

lies told." *Id*.[5]

On November 6, 2017, Wood filed a motion for summary judgment, a

statement of facts,[6] and exhibits.  We deemed Wood's motion for summary

---

[3]  At that end of his amended complaint, Wood cites to "exhibit a." *See Doc. 7* at 2.
While there are no exhibits attached to the amended complaint, on the same day
that Wood filed his amended complaint, he filed a motion for summary judgment
along with exhibits.  The Clerk of Court docketed exhibits in support of Wood's
motion for summary judgment.  It appears that Wood intended "exhibit a" to be an
exhibit to his amended complaint.  "Exhibit a" is a publication entitled "Lying to
Ourselves: Dishonesty in the Army Profession," by Leonard Wong and Stephen J.
Gerras, published in 2015 by the United States Army War College Press, and
which discusses dishonesty in general in the Army. *See Doc. 11*.

[4]  We do not construe the amended complaint to be requesting money damages.

[5]  Although not set forth as allegations in his complaint or amended complaint, we
note that Wood asserts that in 1984 he witnessed another soldier die after a weapon
malfunctioned on a firing range.  He contends that the death was covered up and he
was retaliated against for speaking out about what really happened. *See Doc. 10* at
2–6.

[6]  Woods's statement of facts does not comply with Local Rule 56.1 because the
statements of facts are not in numbered paragraphs, and with a few exceptions,
Wood does not include references to the record.

judgment withdrawn because Wood failed to file a supporting brief within 14 days. Wood later filed a motion to renew his motion for summary judgment. We granted that motion and construed it in part as a brief in support of his motion for summary judgment.

In the meantime, the Secretary filed a motion to dismiss and/or, in the alternative, for summary judgment, a brief, a statement of material facts, and documents in support of the motion. After Wood filed numerous documents in opposition to that motion, we directed him to file one, comprehensive brief in opposition to the Secretary's motion and one, comprehensive response to the Secretary's statement of material facts. Wood then filed a response to the Secretary's motion, which included a section in response to the Secretary's statement of material facts as well as exhibits. The Secretary filed a reply brief. Without seeking leave of court to do so, Wood then filed a document titled "Additional Pleadings of the Plaintiff with Supporting Evidence." *See Doc. 41*. We consider this document as a sur-reply brief, and we will consider it.

**III. The Secretary's Motion to Dismiss and/or, in the Alternative, for Summary Judgment.**

**A. Wood's Claim regarding the Investigation into the Death of the Other Soldier.**

The Secretary contends that the Court should dismiss Wood's claim for injunctive relief in the form of an investigation into the death of the soldier on the firing range because he lacks standing to pursue such a claim and because sovereign immunity bars such a claim.

Wood's claim regarding the investigation rests on a fatally flawed premise, i.e., that he has a right or interest in the discipline or investigation of others. A private citizen, however, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *see also Town of Castle Rock v. Gonzalez,* 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."). And "[t]here is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007); *see also Fuchs v. Mercer Cnty.,* 260 F.App'x 472, 475 (3d Cir. 2008). Wood thus cannot

5

bring a claim against the Secretary for the alleged inadequate investigation of the

other soldier's death or to compel the Secretary to conduct a further investigation.[7]

### B. Wood's Other Claims.

The Secretary contends that the statute of limitations bars Wood's other

claims.[8]  Because the Secretary relies on documents outside the pleadings in

support of his statute-of-limitations argument, we consider that argument under the

summary-judgment standards.

---

[7]  Given this conclusion, we need not reach the Secretary's sovereign-immunity argument.

[8]  In his brief in support of his motion, the Secretary argues Wood's wrongful discharge claim is barred by the six-year statute of limitations found in 28 U.S.C. § 2401(a).  The Secretary also argues that Wood failed to exhaust his summary court-martial claim, and the summary court-martial claim is untimely because Wood failed to filed for administrative review of that claim within two years, as required by 10 U.S.C. § 869(b).  And, the Secretary continues, even if there were good cause for Wood's failure to administratively exhaust that claim within two years, he should not be given limitless opportunities to exhaust and, at this time, any possible claim is outside the two-year statute of limitations.  After Wood responded by arguing that he did exhaust his court-martial claim, the Secretary replied that even assuming for the sake of argument that Wood exhausted his claim, the claim is barred by the statute of limitations in 28 U.S.C. § 2401(a).  Normally, we would not consider that § 2401(a) statute-of-limitations argument as to the court-martial claim because it was raised for the first time in a reply brief.  Here, however, we will consider it since Wood filed a sur-reply brief, and he both had the opportunity to and did, in fact, respond to the statute-of-limitations argument. *See Doc. 41* at 4.

### 1. Summary Judgment Standards.

The Secretary moves for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Through summary adjudication the court may dispose of those claims that do not present a 'genuine dispute as to any material fact' and for which a jury trial would be an empty and unnecessary formality." *Goudy-Bachman v. U.S. Dept. of Health & Human Services*, 811 F. Supp. 2d 1086, 1091 (M.D. Pa. 2011) (quoting Fed.R.Civ.P. 56(a)).

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to an issue on which the nonmoving party bears the burden of proof, the moving party may discharge that burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must show a genuine dispute by "citing to particular parts of materials in the

record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed.R.Civ.P. 56(c). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. Summary judgment is also appropriate if the nonmoving party provides merely colorable, conclusory, or speculative evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. *Id.* at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-

moving party. *Id.* at 248–49. When "faced with a summary judgment motion, the court must view the facts 'in the light most favorable to the nonmoving party.'" *N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (quoting *Scott v. Harris,* 550 U.S. 372, 380 (2007)).

At the summary judgment stage, the judge's function is not to weigh the evidence or to determine the truth of the matter; rather it is to determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. The proper inquiry of the court "is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

Summary judgment is warranted, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002) (quoting *Celotex,* 477 U.S. at 323). "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the

motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

### 2. The Material Facts.

The following facts are either undisputed or where disputed are the version set forth by Wood, as the nonmoving party.

In 1981, Wood entered active duty with the United States Army. *Doc. 19* at ¶ 1 and *Doc. 39* at 9, ¶ 1.  In October of 1984, Wood was charged with being absent from duty on two occasions in July of 1984 and with another charge. *Doc. 19* at ¶ 2 and *Doc. 39* at 10, ¶ 2.  Wood was found guilty and sentenced, but that finding and sentence were later set aside because Wood had not been informed of the charges against him prior to trial. *Doc. 39* at 10, ¶ 2, *Doc. 39* at 21.  After Wood was recharged, he was convicted, in a summary court-martial, of the absent-from-duty charges, and sentenced accordingly. *Doc. 19* at ¶ 2 and *Doc. 39* at 10, ¶ 2.

In 1985, Wood was charged with being absent from his unit on several occasions in March and April, and with being absent from duty on one occasion, breaking restriction, and willfully disobeying a lawful order of a noncommissioned officer in May, but according to Wood, the charges were not properly signed. *Doc. 19* at ¶ 3 and *Doc. 39* at 11, ¶ 3.  Prior to trial, Wood submitted a request for

10

discharge in lieu of court-martial under the provisions of Army Regulation 635-200, Chapter 10. *Doc. 19* at ¶ 4 and *Doc. 39* at 11, ¶ 4. Wood acknowledged that he would be discharged under other than honorable conditions in exchange for having the pending charges dismissed. *Id.* According to Wood, he was coerced into accepting the Chapter 10 discharge and that discharge was improper in several respects. *Doc. 39* at 11. Wood was separated from the Army under other than honorable conditions on June 7, 1985. *Doc. 19* at ¶ 5.

In 1996, Wood filed suit in the United States District Court for the Middle District of Florida, asserting errors in his summary court-martial and discharge and seeking declaratory relief and back pay. *Doc. 19* at ¶ 6 and *Doc. 39* at 12, ¶ 6. The court dismissed Wood's case without prejudice to Wood filing a complaint with the Court of Federal Claims. *Id.*

In 2000, Wood again filed suit again in the Middle District of Florida against the Secretary of the Army, seeking relief from his summary court-martial conviction and seeking injunctive relief requiring the Army to issue him an honorable discharge and to change all of his military records to reflect an honorable discharge. *Doc. 19* at ¶ 7 and *Doc. 39* at 12, ¶ 7. The court granted the Secretary's motion to dismiss regarding Wood's challenge to his summary court-martial on the basis that Wood failed to exhaust administrative remedies. *Doc. 19* at ¶¶ 8, 12 and *Doc. 39* at 12-13, ¶ 8, 12. More specifically, the court determined

11

that Wood could still seek review of his summary court-martial by the Judge Advocate General under 10 U.S.C. § 869(b). *Doc. 19* at ¶ 13 and *Doc. 39* at 13, ¶ 13.  Although that court noted that Wood had conceded that as of 2001, he had not sought administrative review, Wood now contends that he did, in fact, exhaust his administrative remedies before 2001. *Id.*  While the court dismissed the summary court-martial claim for failure to exhaust, it denied the Secretary's motion in all other respects. *Doc. 19* at ¶ 8 and *Doc. 39* at 12, ¶ 8.  After the Secretary filed a full record and a renewed motion to dismiss or, in the alternative, for summary judgment, the court ruled that 28 U.S.C. § 2401—the six year statute of limitations applicable to claims brought under the Administrative Procedures Act—barred Wood's claim for relief relating to his Chapter 10 discharge. *Doc. 19* at ¶ 9 and *Doc. 39* at 12, ¶ 9.  The court then dismissed the case with prejudice. *Id.*

In 2005, Wood filed a lawsuit in the Middle District of Pennsylvania against the Secretary of Army and other defendants, which again sought judicial review of the results of his military summary court-martial. *Doc. 19* at ¶ 10 and *Doc. 39* at 12, ¶ 10.  This Court found that as of February 2007, Wood had not yet exhausted his administrative remedies relating to his military summary court-martial, despite being provided the proper forms in 2001. *Doc. 19* at ¶ 15 and *Doc. 39* at 13, ¶ 15.  As result, this Court dismissed Wood's complaint for continued failure to exhaust administrative remedies. *Doc. 19* at ¶¶ 11, 14, 15 and *Doc. 39* at 12–13, ¶¶ 11, 14,

12

15.  As noted above, Wood contends that he did, in fact, exhaust administrative remedies before 2001. *Doc. 39* at 12, ¶ 11.

The Criminal Law Division of the Army's Office of the Judge Advocate General is the appropriate division to receive correspondence or related requests for review of summary court-martial proceedings. *Doc. 19* at ¶ 16 and *Doc. 39* at 13, ¶ 16.  On November 28, 2017, the Criminal Law Division of the Army's Office of the Judge Advocate General searched its databases for correspondence from Wood from 2001 to the present, specifically including any correspondence from Wood concerning his summary court-martial. *Doc. 19* at ¶ 17 and *Doc. 39* at 13–14, ¶ 17.  This search included reviewing the Criminal Law Case Tracking System, the Examinations and New Trial Division, and the Criminal Law Division's electronic shared network drive. *Doc. 19* at ¶ 18 and *Doc. 39* at 14, ¶ 18.   All the searches were met with negative results, and the Criminal Law Division of the Army's Office of the Judge Advocate General has no record of an appeal by Wood relating to his summary court-martial from 2001 to the present. *Doc. 19* at ¶ 19 and *Doc. 39* at 14, ¶ 19.  According to Wood, the search yielded negative results because it went back only to 2001 rather than 1985. *Doc. 39* at 1314, ¶¶ 17–19.

13

### 3. Discussion.

28 U.S.C. § 2401(a) generally provides for a six-year statute of limitations for claims against the government:

> Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

This six-year statute of limitations bars Wood's remaining claims. We first address Wood's claim or claims flowing from his discharge from the Army. "[T]here are two kinds of claims that can be brought by a service member challenging his discharge." *Rempfer v. U.S. Dep't of Air Force Bd. for Correction of Military Records*, 538 F. Supp. 2d 200, 206 (D.D.C. 2008). "A claim seeking review of the underlying discharge is distinct from a claim seeking review of an adverse decision by a Corrections Board—'the focus of the former is on the action of discharge officials whereas the focus of the latter is on the action of the [Corrections] Board.'" *Id*. (quoting *Blassingame v. Secretary of Navy,* 811 F.2d 65, 72 (2d Cir.1987)). "For claims challenging the discharge itself, the '§ 2401(a) limitation period begins to run when a service member's discharge is final.'" *Id*. (quoting *Kendall v. Army Bd. For Correction of Military Records,* 996 F.2d 362, 366 (D.C.Cir.1993)); *see also June v. Sec'y of Navy*, 557 F. Supp. 144, 148 (M.D. Pa. 1982) ("A claim challenging an unconstitutional separation from the military

14

accrues at the time of the discharge."). But where a plaintiff is challenging the decision of the Army Board for Correction of Military Records (ABCMR) refusing to correct his record, the six-year statute of limitations begins to run when the ABCMR issues its final decision. *Dougherty v. U.S. Navy Bd. for Correction of Naval Records*, 784 F.2d 499, 501 (3d Cir. 1986). When, as here, a plaintiff files a motion for reconsideration of the ABCMR decision, the motion for reconsideration does not restart the six-year statute of limitations if it "does not include 'new evidence' or reflect some 'changed circumstances.'" *Green v. White*, 319 F.3d 560, 566 (3d Cir. 2003). "If, however, the ABCMR re-opens a proceeding and rules upon a petition that does contain such new evidence, such a ruling will constitute a final agency action and will re-start the six-year time limit." *Id*.

Here, to the extent that Wood is challenging the discharge itself, the six-year statute of limitations bars any such claim as Wood was discharged in 1985 and he did not file the instant action until 2017. Further, to the extent that Wood is challenging the ABCMR's decision refusing to correct his record, the six-year statute of limitations also bars that claim. As the United States District Court for the Middle District of Florida previously explained:

> In the instant case, Plaintiff filed his first ABCMR application in April 1990, claiming "the signing of the Chapter 10 discharge was under duress." Other than a prisoner release form to demonstrate he was in confinement when he requested the Chapter 10, Plaintiff attached no documents to his application to further this particular claim. After reviewing his

15

application and military personnel file, in 1991, the ABCMR denied relief.

In his 1993 application to the ABCMR, Plaintiff made the same contention, again claiming that "the signing of the [chapter] 10 discharge was under duress." No new documents were submitted to support this contention. Although Plaintiff's application again made it clear that he was in pretrial confinement at the time he made the Chapter 10 request, this fact was equally evident in his 1990 application.

In his 1998 request for reconsideration, Plaintiff once again made the same duress claim he made in earlier applications; however, Plaintiff again failed to submit any new, relevant, or previously unavailable documentation to support his claim. Because Plaintiff failed to provide any new, relevant, or previously unavailable evidence in his 1993 and 1998 applications for reconsideration, neither ABCMR reconsideration created a "new" final agency action or claim for relief. Accordingly, because the 1991 ABCMR opinion is the final agency decision, the six-year statute of limitations, applicable to claims brought pursuant to the Administrative Procedure Act, 28 U.S.C. § 2401, bars Plaintiff's claim for relief.

*Wood v. Secretary of the Army*, No. 6:00-cv-586-Orl-28-KRS, slip op. at 7–8

(M.D. Fla. Nov. 19, 2001) (citations and footnote omitted) (copy available at Doc.

19-1 at 23–24). Even if we assume for the sake of argument (and contrary to the

Florida Court's conclusion) that Wood's 1998 motion for reconsideration reopened

the proceedings, the statute of limitations still bars Wood's claim as the ABCMR

denied his motion for reconsideration in 1994, *see id.*, slip op. at 4, and Wood did

not commence this action until 2017.

16

Wood suggests that the statute of limitations should be tolled because "the initial actions were performed to hinder the investigation into the soldier's death, then the conspiracy by the platoon leader and Staff sergeant by replacing the bolt mechanism," are "both crimes that have no time limits" and "all of the illegal summary court martial, altering of the plaintiff's military records, expungement of records and eventual wrongful discharge actions against the plaintiff have been performed in furtherance of the conspiracy." *Doc. 41* at 4.  But it is clear that Wood was aware of his discharge, the alleged conspiracy, and the ABCMR's decisions and the basis for those decisions for more than six-years before he filed this action because he has been litigating such issues since at least 2000 when he filed his second action in the United States District Court for the Middle District of Florida.  And whatever statute of limitations may apply to crimes based on the alleged death of the other soldier, the six-year statute of limitations applies to Wood's claims against the Secretary

Similarly, the six-year statute of limitations of § 2401(a) also bars Wood's claim based on his court-martial proceedings.  Those proceedings occurred in 1984.  Wood was required to exhaust administrative remedies before collaterally attacking such proceedings.  The parties dispute whether Wood properly exhausted his administrative remedies.  But even assuming that Wood did, as he suggests,

17

exhaust his administrative remedies before 2001,[9] the six-year statute of limitations bars his claim since he did not file this action until 2017, which is more than six years after he purportedly exhausted his administrative remedies.

## IV.  Wood's Motion for Summary Judgment.

Because Wood cannot proceed on his claim regarding the investigation of the death of the other soldier and the statute of limitations bars Wood's other claims, he is not entitled to summary judgment.  Thus, we recommend that the Court deny his motion for summary judgment.

## V.  Recommendations.

Based on the foregoing, we recommend that the Court deny Wood's motion (doc. 9) motion for summary judgment and grant the Secretary's motion (doc. 16) to dismiss and for summary judgment.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party

---

[9]  Wood complains about the Secretary searching for records of his exhaustion only as far back as 2001.  Thus, we construe him to be arguing that he exhausted administrative remedies prior to 2001.

shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of June, 2018.


*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge

19